Sento SO, No Ni Tjen, Petitioners,

v.

Alberto R. GONZALES, Respondent.

No. 06–3939–ag.

United States Court of Appeals, Second Circuit.

March 20, 2007.

Steven Lyons, New York, New York, for Petitioner.

Alice H. Martin, United States Attorney for the Northern District of Alabama, Katharine J. Smith, Assistant United States Attorney, Birmingham, Alabama, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Hon. BARRINGTON D. PARKER, Circuit Judges.

### *SUMMARY ORDER*

Petitioners Sento So and No Ni Tjen, natives and citizens of Indonesia, seek review of a July 25, 2006 order of the BIA affirming the January 27, 2005 decision of Immigration Judge ("IJ") Sarah M. Burr denying the petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sento So and No Ni Tjen,* Nos. A96 262 493, A96 262 494 (B.I.A. July 25, 2006), *aff'g* Nos. A96 262 493, A96 262 494 (Immig. Ct. N.Y. City Jan. 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless

any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

■ As to petitioners' asylum claims, the IJ determined that they failed to demonstrate changed or extraordinary circumstances to excuse the untimely filing of their asylum application. Because they have not raised a constitutional claim or question of law, we lack jurisdiction to review this determination. *See* 8 U.S.C. §§ 1158(a)(3); 1252(a)(2)(D); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 330–31 (2d Cir.2006).

As to the petitioners' withholding claims, they can qualify for withholding only if they can establish that their lives or freedom would be threatened in the country of removal on the basis of one of five statutory grounds, including religion and nationality. *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 339 (2d Cir.2006). If the applicants establish that they "suffered past persecution" on the basis of one such statutory ground, eligibility for withholding is presumed, subject to rebuttal. *Id.* (citing 8 C.F.R. § 208.16(b)(1)). Alternatively, the applicants may qualify for withholding by showing "that it is more likely than not" that they "would be persecuted" on the basis of a statutory ground. *Id.* (internal quotation marks omitted).

■ Here, the IJ concluded that Sento was not credible based on a number of discrepancies between his testimony at the hearing and the official documentation he submitted in support of his claim. None of So's explanations for these discrepancies were such that "a reasonable fact-finder would be compelled to credit his testimony." *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Accordingly, we affirm the agency's adverse credibility determination and its conclusion that the petitioners have not established that they were the victims of past persecution. The petitioners argue that they are also entitled to relief because there is a "pattern or practice" of persecuting Chinese individuals in Indonesia. *See* 8 C.F.R. § 1208.16(b)(2)(i). However, substantial evidence supports the IJ's conclusion that petitioners failed to meet their burden of proof on their withholding claims. Likewise, substantial evidence also supports the IJ's determination that the petitioners cannot meet their burden of proof on their CAT claims. *See id.* § 1208.16(c).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part.